Maurice Wahl, J.
This is a summary proceeding for nonpayment of rent. The issue appears to be one of first impression. The facts are stipulated.
On or about June 23, 1971, the tenant, an attorney, executed a “ Standard Form of Office Lease ” for the rental of premises on the lobby floor of the building at 1235 Park Avenue, to be used solely for, “ the practice of law, accounting, medical, psychology, dental, writing and allied professions ”, all of which are legal uses. The tenant had contemplated renting space to other professionals. There was to be no housing use of the premises by the tenant or anyone else. The lease was for two years commencing with July 1, 1971, at an annual rental of $7,500 payable in monthly installments of $625 per month. The tenant took possession of the premises and paid the lease rent for the months of July, August and September. The tenant had stationery printed showing that these premises were his business office as an attorney. He refused to pay the lease rent for October and offered the sum of $300.74, claiming that that was the last controlled housing rent for the premises. The payment was refused by the landlord and this proceeding for nonpayment was instituted. The tenant’s only defense is that the landlord failed to secure an order exempting these premises from the rent control under section 13 of the Rent, Eviction and Rehabilitation Regulations of the City of New York, and therefore the tenant was not obligated to pay the higher lease rent. In short, the issue is whether a landlord1, simply by renting an otherwise controlled apartment for commercial or professional use, can decontrol or exempt the apartment without securing the approval of the Rent Commission. The landlord has contended that since the rental to the tenant was solely for professional use, section 13 does not apply and the court may determine the question of the bona fides of the transaction.
Clearly, section 13 was enacted to protect residential apartments in periods of shortages by preventing landlords from entering into dishonest commercial leases, and there is no contention by the tenant that the landlord practiced any evasion in the matter. Section 13 provides that a landlord should apply *697 for an order of exemption where the use of an apartment is changed from housing to professional use. It must be noted that section 13 does not provide for decontrol, but only for exemption. However, the last sentence of that section provides that such an order will be issued where the Administrator finds that the renting was made in good faith without any intent to evade the rent law or the regulations and shall be effective as of the date of the commercial or professional renting. Examination of the official Administrator’s interpretations dealing with the intent and application of section 2 (subd. e) (definition of housing) and section 13 (commercial renting), indicate that all of the discussions and examples deal with situations involving a combined housing and professional use. Nothing is said about the case where the renting is solely for professional use with no related housing use; and, further, that where the premises are separable, only the part used for housing is controlled and the part used for business is not controlled.
The court concludes, therefore, that reading section 13 together with the official interpretations, section 13 does not apply to the facts in this case where the sole and exclusive use is to be business. This would follow from the fact that the rent law intends to control only premises used wholly or partially for housing and that it does not apply where there is no housing use. While a landlord may apply to the Administrator for an order of exemption in the latter case so as to prevent any future difficulties, it is not mandatory and this court has jurisdiction to determine whether it was a bona fide, professional rental. The cases cited by the tenant are not in point, since they involve situations where there was a combined housing and professional use (Swift v. 130 West 57th Corp., 26 N Y 2d 714).
Therefore upon the stipulated facts, the court finds that the tenant voluntarily entered into this lease, that it was executed in good faith and without any intent to evade the rent law or regulations, that the landlord relied upon it in giving possession of the premises to the tenant, and that the tenant uses the premises for the practise of his profession as an attorney. The use of the premises under the lease is permissible under the Zoning Resolutions of the City of New York.
The rent law was enacted for the protection of residential tenants and section 13 was adopted to prevent evasion of the regulations by means of fraudulent commercial or business leases. The facts in this case do not support such a finding. The duty of the courts in enforcing the rent law is to see that it is *698 used as a shield to prevent fraud and evasion, and not as a weapon to exact tribute.
Hence the tenant-respondent is obligated to pay the monthly rental of $625 for October 1971, as provided in the lease, and judgment for the landlord-petitioner may be entered accordingly.